E-FILED
Friday, 15 March, 2013  01:31:30 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| EDWARD WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) Case No.   13-cv-1093 |
| RICARDO RIOS, *Warden*, | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). For the reasons stated below, it is clear that Petitioner is not entitled to relief under § 2241. Thus, his Petition will be dismissed.

Over twenty years ago, Petitioner was convicted of a RICO conspiracy in violation of 18 U.S.C. § 1962(d) and a narcotics conspiracy in violation of 21 U.S.C. § 846 after a lengthy jury trial in the Northern District of Illinois, case no. 89-cr-908-37. Two other charges against Petitioner were dropped before the jury deliberated. (Doc. 1 at 2). He was sentenced to life in prison. (Doc. 1 at 2).

In the present Petition, filed on March 4, 2013, Petitioner asserts that he is entitled to be released from custody or granted a new appeal because the Bureau of Prisons (BOP) provided him with two different versions of the Judgment from his criminal case in response to his requests for copies. (Doc. 1 at 1-2). One judgment, which Petitioner refers to as the original/initial judgment, lists the two counts on

which he was convicted by the proper criminal code provision, but the nature of offense column lists "Racketeering" and "Heroin/Cocaine Distribution," which are inaccurate descriptions of the offenses. (Doc. 1 at 18). The other judgment, which Petitioner refers to as the second judgment, lists the same proper provisions but more accurately describes the offenses as "Racketeering Conspiracy" and "Narcotics Conspiracy." (Doc. 1 at 20). There are other minor differences between the two, but the substance is unchanged. Petitioner raises numerous arguments related to this confusing situation, such as that the BOP is erroneously executing both judgments in violation of Due Process, that the second judgment is void because it was issued after Petitioner's notice of appeal was filed and thus the trial court did not have jurisdiction, and that Petitioner's Sixth Amendment rights were violated by the issuance of a new judgment outside of his and his attorney's presence.

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires the Court to "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition. The Court has determined Petitioner's claims must be dismissed because he is not entitled to relief.

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines).

Relief under § 2241 is only available to federal prisoners who challenge the execution of their sentence, or who challenge a conviction or sentence when 28 U.S.C. § 2255 is inadequate or ineffective to afford relief. If the claim falls within the scope of a § 2255 motion, a federal prisoner may only file for a writ of habeas corpus under 28 U.S.C. § 2241 in very limited circumstances. § 2255(e). The specific provision reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* This has the effect of barring most habeas corpus petitions filed by federal prisoners absent a showing that § 2255 is inadequate. *Id.*; *see also Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007).

To the extent Petitioner's claim is a challenge to the validity of his sentence, Petitioner would ordinarily be required to bring his claim as a § 2255 motion. Thus, the question is whether a § 2255 motion would be "inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255(e). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). The fact that a previous § 2255 motion was denied also fails to make § 2255 inadequate to test the legality of detention. *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965).

The Seventh Circuit has held that § 2255 is inadequate "when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *see also In re Davenport*, 147 F.3d at 611 ("A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."). In particular, where there is a change in the law that would render a prisoner actually innocent, yet it is not a rule of constitutional law that would allow the prisoner to bring a successive § 2255 motion pursuant to § 2255(h), § 2241 may be available. *In re Davenport*, 147 F.3d at 610. This line of reasoning has recently been extended to cases in which the prisoner is not actually innocent of the crime of conviction, but is ineligible for a sentence enhancement under the ACCA based on a retroactive change in the law, as that may be a comparable fundamental error. *See, e.g.*, *Brown v. Rios*, 696 F.3d 638, 640-41 (7th Cir. 2012). However, § 2255 is not inadequate if an argument for relief was merely novel; it must have been foreclosed by precedent prior to the change in the law. *Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007).

Petitioner does not raise an actual innocence claim or point to a comparable fundamental defect, nor does he allege any change in the law. Thus, to the extent Petitioner seeks to have his conviction or sentence set aside, without an indication that § 2255 is inadequate, the Court cannot afford relief pursuant to § 2241.

In the alternative, then, Petitioner's claim must be one of improper or illegal execution of his sentence if it is to be cognizable under § 2241. *See Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Read in that light, the Petition fails to raise any grounds that would make the execution of his sentence by the BOP improper. Petitioner does not allege that the differing descriptions of his offenses have any impact on the fact or duration of his confinement. There is no indication that the other three pages of the judgment, detailing the sentence, are incorrect in any way. He does not allege that the BOP is mistaken about the length of his sentence or that it has been improperly calculated. Even if, as Petitioner contends, the second judgment is null and void because the district court no longer had jurisdiction, (Doc. 1 at 8), the initial judgment would be sufficient to give the BOP authority to imprison Petitioner. The only possible arguments that the BOP does not have such authority are properly understood as challenges to the validity of the sentence, which, as noted above, are not properly raised in Petitioner's § 2241 Petition. Quite simply, though the presence of two different versions of the judgment is unusual, there is no basis for Petitioner to challenge the execution of his sentence.

Petitioner does "challeng[e] the Bureau of Prisons jurisdiction to execute either one of the two Judgment [sic]" because it is unclear which is being executed. (Doc. 1 at 4). This is arguably a challenge to the execution of a sentence, but is devoid of any merit. Comparing the two versions of the judgment, it is clear that they do not differ in substance. Both list the same two statutes violated, and properly list the counts on which Petitioner was found guilty. Petitioner does not

allege that the sentence detailed in the remaining pages of the judgment is incorrect in either version. There is no indication that the operative portions of either version of the judgment are invalid or that their differences invalidate them and remove BOP authority to confine Petitioner. This is not a case of the BOP double-counting a sentence by mistakenly executing both judgments as independent sentences. The BOP is confining Petitioner based on the single judgment, no matter which version they are looking at. Either way, the BOP is executing a life sentence on Petitioner's convictions for violations of 18 U.S.C. § 1962(d) and 21 U.S.C. § 846. If Petitioner believes that sentence is invalid, such a claim is not cognizable in a § 2241 petition.

Petitioner raises several arguments that do not preclude the dismissal of his Petition. First, Petitioner asserts that if the second judgment is valid, despite it being filed after the notice of appeal was filed, that it interfered with his due process right to appeal. (*See* Doc. 1 at 5). However, the Supreme Court has not recognized a constitutional right to appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Thus, this argument fails. Second, Plaintiff invokes the Sixth Amendment when complaining of the district court's failure to alert the parties to the amended judgment or to allow him and his counsel to be present for such amendment. (Doc. 1 at 5, 7). The Court finds that these arguments challenge the validity of his conviction or sentence and are not cognizable under § 2241 for the reasons stated above. Finally, it seems Petitioner requests the initial judgment be corrected, apparently to properly describe the nature of the offenses. (Doc. 1 at 8). As words contained in the nature of offense column have no substantive impact on the judgment, and any mistake in those words is not, despite Petitioner's repeated

assertions to the contrary, prejudicial in any way, the Court finds no basis for § 2241 relief on such grounds either.

    For these reasons, the Court finds Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Thus, Petitioner's Petition is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. IT IS SO ORDERED.

CASE TERMINATED.


Entered this <u>15th</u> day of March, 2013.


                                                          s/ Joe B. McDade
                                                          JOE BILLY McDADE
                                       United States Senior District Judge